NO. 07-07-0296-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 18, 2008
______________________________

JOHN ERIC TREVINO,
 
Appellant

v.

THE STATE OF TEXAS, 
 
Appellee

                                    _________________________________

FROM THE 33rd DISTRICT COURT OF SAN SABA COUNTY;

NO. 5523; HON. GUILFORD L. JONES III, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Appellant appeals from his conviction for possession of a controlled substance with
intent to deliver four or more grams but less than 200 grams in a drug free zone. On June
15, 2007, the clerk’s record was filed. The reporter’s record was filed on October 17, 2007. 
Therefore, appellant’s brief was due on November 16, 2007. On November 28, 2007, a
letter was sent to appellant’s attorney notifying him the brief was overdue and that it should
be filed on or before December 10, 2007. In response, counsel for appellant filed a motion
for extension of time to file his brief on November 29, 2007, which was granted to
December 17, 2007. To date, no brief or extension motion has been filed in this Court.
           Consequently, we abate the appeal and remand the cause to the 33rd District Court
of San Saba County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:
          1.       whether appellant is indigent; 
 
          2.       whether appellant desires to prosecute the appeal; and
 
3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel’s failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief).

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court’s findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk’s record containing the findings of fact and conclusions
of law and 2) a reporter’s record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk’s
record to be filed with the clerk of this court on or before February 18, 2008. Should
additional time be needed to perform these tasks, the trial court may request same on or
before February 18, 2008.
          It is so ordered.
                                                                           Per Curiam
Do not publish.